# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JASON SIGMON,

                **Plaintiff,**               **CIVIL ACTION NO. 16-cv-10358**

         **v.**                     **DISTRICT JUDGE TERRENCE G. BERG**

JERRY L. CLAYTON,            **MAGISTRATE JUDGE MONA K. MAJZOUB**

                **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jason Sigmon, filed this *pro se* civil rights action on February 2, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendant Jerry L. Clayton, Sheriff of Washtenaw County, violated his rights as secured by the Eighth Amendment to the United States Constitution. (Docket no. 1.)  This matter comes before the Court on Defendant's Motion to Dismiss.  (Docket no. 11.)  Plaintiff has not responded to the Motion.  This action has been referred to the undersigned for all pretrial purposes.  (Docket no. 7.)  The Court has reviewed the pleadings, dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 11) be **GRANTED** and that this matter be dismissed in its entirety.

## II.    REPORT

### A.    Background

Plaintiff is currently on parole; however, the events giving rise to the Complaint allegedly occurred while he was incarcerated at the Washtenaw County Jail in Ann Arbor, Michigan. (Docket no. 1 at 3.)  In the Complaint, Plaintiff alleges that on July 23, 2014, he was playing cards in the jail's day room when he fell to the "lower level floor" because there was no railing in place to prevent such a fall.  (*Id*.)  He alleges that prior to this incident, he complained to Defendant regarding the lack of a railing but that Defendant did not respond to his concerns. (*Id.*)  Plaintiff alleges that the fall and the ensuing injuries to his head, neck, and lower back are a result of Defendant's failure to respond.  (*Id.*)  Plaintiff claims that by failing to install a railing or institute policies to protect an inmate like Plaintiff from falling, Defendant "left the jail in a[n] unconstitutional living condition" that violated the Eighth Amendment.  (*Id.*)  As relief, Plaintiff seeks punitive damages in the amount of $750,000.00, compensatory damages in the amount of $500,000.00, medical costs, taxes, court costs, and the installation of a railing in the jail's day room.  (*Id.* at 3-4.)  Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and on grounds of qualified immunity.  (Docket no. 11.)

### B.    Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### C.    Analysis

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendant is a person who was acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether he deprived Plaintiff of a constitutional right.

Plaintiff asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citing *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Where a prisoner asserts that his claims are based on conditions of confinement, the prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. That is, the plaintiff must show that he faced a sufficiently serious risk to his health or safety and that the defendant acted with "'deliberate indifference' to [his] health or safety." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying the deliberate-indifference standard to conditions of confinement claims)). "Fundamentally, the concept underlying the Eighth Amendment is nothing less than the dignity of humankind." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 564, 568 (6th Cir. 2013) (internal quotations, omissions, and modifications omitted).

To support a claim of deliberate indifference under the Eighth Amendment, a plaintiff must satisfy two components: an objective component, and a subjective component. *Villegas*, 709 F.3d at 568 (citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant . . . acted with a sufficiently culpable state

of mind.'" *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

In a conditions-of-confinement context, the objective component of the deliberate-indifference inquiry is met when the plaintiff can show that the condition of confinement amounts to an "extreme deprivation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). "[O]nly deprivations denying 'the minimal civilized measure of life's necessities' are grave enough to create a violation of the Cruel and Unusual Punishment Clause." *Hadix*, 367 F.3d at 525 (citing *Rhodes,* 452 U.S. at 347). In such cases, "courts look to the evidence presented regarding the duration of exposure and totality of conditions contributing to the alleged deprivation." *Eidam v. Bailey*, No. 1:10-cv-34, 2011 WL 3269625, at *3 (W.D. Mich. July 29, 2011) (citing *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006)).

To satisfy the subjective component of a deliberate indifference claim and show that the defendant had a sufficiently culpable state of mind, a plaintiff must show that "'the official knows of and disregards' the substantial risk of serious harm." *Villegas*, 709 F.3d at 569 (quoting *Harrison*, 539 F.3d at 518). The plaintiff need not prove, however, "that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Instead, a plaintiff must show that (1) the defendant "subjectively perceived facts from which to infer substantial risk to the [plaintiff]," (2) the defendant "did in fact draw that inference," and (3) the defendant "then disregarded that risk." *Quigley*, 707 F.3d at 681 (citations omitted). "Deliberate indifference is characterized by obduracy or wantonness—it

2e

cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley*, 475 U.S. at 319).

Plaintiff's allegations that Defendant failed to respond to Plaintiff's written correspondence regarding the lack of a railing in the jail's day room and that he failed to install such a railing are insufficient to satisfy either component of the deliberate-indifference inquiry. First, Plaintiff's allegations fail to show that the absence of a railing equates to the denial of one's basic human needs or to the extreme deprivation of "life's necessities." Moreover, Plaintiff's allegations inherently sound in mere negligence or lack of due care and do not evince the requisite state of mind of deliberate indifference to allow Plaintiff's claim to proceed as an Eighth Amendment violation. *See Kirby v. Kentucky Corr. Psychiatric Ctr.*, 198 F.3d 246 (Table), 1999 WL 1021736, at *2 (6th Cir. Nov. 2, 1999) (failure to provide a railing or shower mats amounted to mere negligence, at most). Plaintiff therefore has failed to state an Eighth Amendment claim for unconstitutional conditions of confinement against Defendant.

Defendant asserts that he is entitled to qualified immunity because Plaintiff has failed to allege the violation of a constitutional right that is clearly established. Indeed, Plaintiff has failed to show that Defendant acted unconstitutionally, and where there is no constitutional violation, "the plaintiff's § 1983 claim fails as a matter of law and the defendant . . . does not need qualified immunity." *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007).

**D.     Conclusion**

For the reasons stated herein, it is recommended that the court **GRANT** Defendant's Motion to Dismiss (docket no. 11) and dismiss this matter in its entirety.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  November 21, 2016          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  November 21, 2016          s/ Lisa C. Bartlett
                                   Case Manager